An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-282

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

    v.

BILLY GENE BLANKS,
    Defendant.

Bladen County
No. 12CRS50891

Appeal by defendant from judgment entered on or about 26 September 2013 by Judge Thomas H. Lock in Bladen County Superior Court. Heard in the Court of Appeals 11 August 2014.

> *Attorney General Roy A. Cooper III, by Assistant Attorney General Thomas D. Henry, for the State.*
>
> *Winifred H. Dillon for defendant-appellant.*

STROUD, Judge.

Defendant Billy Gene Blanks appeals from the judgment entered after a jury found him guilty of misdemeanor fleeing to elude arrest, speeding in excess of 55 miles per hour, reckless driving so as to endanger any person or property, and failure to heed a law enforcement officer's light or siren. We find no prejudicial error.

While performing other duties on 14 April 2012, Bladen County Sheriff's Department Deputy Chris Brisson saw defendant drive by in a black BMW. Deputy Brisson recognized defendant and knew he had outstanding warrants, so he began to pursue defendant. Deputy Brisson activated his blue lights and defendant accelerated and drove into the lane for oncoming traffic. When the cars reached 120 miles per hour, defendant crossed the county line and Deputy Brisson lost sight of defendant's car and ceased pursuit. The speed limit on the highway was 55 miles per hour.

Deputy Brisson returned to the area where the chase began and encountered defendant's son, who informed him that defendant had been cutting the grass at his home in the area earlier that day. Deputy Brisson drove past defendant's son's home, and saw a black BMW parked on the property. The car's hood and tires were warm, indicating it had recently been driven.

At trial, defendant testified that he owned a black BMW at the time of the incident, but stated that he was out of the state on 12 April 2012. Defendant's son testified that defendant left the BMW at his home when he traveled, and denied telling Deputy Brisson that defendant had cut his grass on the day of the chase. The jury found defendant guilty of

misdemeanor fleeing to elude arrest, speeding in excess of 55 miles per hour, reckless driving so as to endanger, and failure to heed an officer's light and siren. The trial court consolidated the convictions into one judgment and sentenced defendant to 90 days in jail. Defendant gave notice of appeal.

In his sole argument on appeal, defendant contends the trial court erred when it overruled his objection to a question posed by the prosecutor during her redirect examination of Deputy Brisson. We do not agree.

On cross-examination, defense counsel questioned Deputy Brisson, who at the time of trial worked for the Brunswick County Sheriff's Department, about the circumstances of his departure from Bladen County:

> Q. Okay, [the prosecutor] previously brought this up and then I will hush. You were previously employed here, weren't you?
>
> A. Yes, sir.
>
> Q. Okay. And you are with Brunswick right now?
>
> A. Yes, sir.
>
> Q. Did -- you were in fact terminated from Bladen County?
>
> A. No, sir.

The trial court sustained the State's objection to the final question. On redirect, the prosecutor asked Deputy Brisson to clarify the circumstances of his employment change:

> Q. Did you choose to go work in Brunswick County?
>
> A. Yes, ma'am. I had an application on file for [a] previous amount of time and they had some new positions and they called and said I had a job if I wanted it.
>
> Q. So you were not terminated?
>
> A. No, ma'am.
>
> Q. So [defense counsel's] rude accusation that you were terminated is incorrect?
>
> A. Yes, ma'am.

Defense counsel objected to the prosecutor's final question, and the trial court overruled the objection. Defendant contends that the disparaging nature of the prosecutor's question so prejudiced his defense that it affected the outcome of the trial.

"Ordinarily, the asking of the question alone will not result in prejudice to the defendant." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979) (citations omitted). Accordingly, to prevail on appeal based on his objection to the content of a prosecutor's question, a defendant must demonstrate a "reasonable possibility" that the question affected the

outcome of his case. *State v. Whisenant*, 308 N.C. 791, 794, 303 S.E.2d 784, 786 (1983).

Here, even were we to assume that the prosecutor's characterization of defense counsel as "rude" was improper, defendant cannot demonstrate that the question caused him prejudice. Deputy Brisson testified at trial and had first-hand knowledge of the alleged criminal acts. Although he denied committing the acts, defendant confirmed that he owned a car that matched the description of the car Deputy Brisson observed and pursued, and Deputy Brisson found the car parked at defendant's son's house, still warm. In light of this evidence, defendant simply cannot demonstrate that an isolated accusation that his attorney asked a "rude" question possibly affected the outcome of this trial.

NO PREJUDICIAL ERROR.

Judges BRYANT and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).